IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAVID ANTOINE LUSTER,**

      Petitioner,

v.                                **CIVIL ACTION NO. 5:23-CV-29**
                                      Judge Bailey

**R. BROWN,** Warden FCI Gilmer**,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On January 31, 2023, the *pro se* petitioner, David Antoine Luster ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the calculation of his sentence and application of time credits. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

### II. BACKGROUND

**A.**    **Conviction and Sentence**

As the undersigned has previously summarized,

> On June 9, 2003, an indictment was returned against Luster in the Middle District of Georgia charging him with two counts of bank robbery and two counts of carrying a firearm during the commission of the crime. [Doc. 16]. On June 30, 2003, Luster entered a plea of not guilty to the charges. [Doc. 19]. A four-count superseding indictment was returned against Luster on August 21, 2004, charging him in Count One with Armed Robbery on April 10, 2003, of the HEA Federal Credit Union in Perry, Georgia, the

1

deposits of which were then insured by the National Credit Union Administration Board (NCUA), in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2; Count Two -- Carrying a Firearm During and in Relation to the Armed Bank Robbery charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 18 U.S.C. § 2; Count Three-- Armed Robbery on October 31, 2004, of the Colony Bank in Albany, Georgia, the deposits of which were then insured by the Federal Deposit Insurance Corporation (FDIC), in violation of 18 U.S.C. §§ 2113(a) and (d); and Count Four -- Carrying a Firearm During and in Relation to the Robbery charged in Count Three, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 18 U.S.C. § 2. [Doc. 29].

Pursuant to a written plea agreement, Luster pleaded guilty to all counts on September 3, 2003. [Doc. 31, 32, 53]. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the petitioner also pleaded guilty to charges pending against him in other courts. More specifically, Luster entered guilty pleas to additional bank robbery charges from the Eastern District of Tennessee (Count One of Case Number 5:03-CR-98); the Southern District of Georgia (Count One of Case Number 5:03-CR-99), the Northern District of Georgia (Counts One, Three and Five of Case Number 5:03-CR-100), and the District of Southern Carolina (Count One of Case Number 5:03-CR-105). [Doc. 53:2,3; Doc. 54:5; Doc. 56].

On April 1, 2004, Luster was sentenced to serve concurrently 151 months imprisonment for each of the bank robbery counts. [Doc. 47]. Luster was further sentenced to mandatory consecutive terms of 84 months on Count 2 and 300 months on Count Four of 5:03-CR-52 for total imprisonment of 535 months, five years of supervised release, a $1,000 mandatory assessment and $611,205 in restitution to be paid joint and severally with his co-defendant, Ronald Nasir Mahdi. Id.

**Luster v. Entzel**, No. 1:21-CV-84, 2022 WL 1164421, at *1 (N.D. W.Va. Mar. 15, 2022), *report and recommendation adopted*, No. 1:21-CV-84, 2022 WL 943959 (N.D. W.Va. Mar. 29, 2022) (Bailey, J.), *aff'd sub nom*. **Luster v. Wolfe**, No. 22-6412, 2022 WL 2383876 (4th Cir. July 1, 2022), *cert. denied*, 214 L. Ed. 2d 288, 143 S. Ct. 506 (2022).

B.   The Instant Petition for Habeas Corpus Under § 2241

In his petition, petitioner argues that in light of **Borden v. United States**, 141 S.Ct. 1817 (2021) his convictions under 18 U.S.C. § 924(c) is no longer valid.  Although the details of this argument are sparse, petitioner appears to be arguing that his convictions

for bank robbery under 18 U.S.C. § 2113 are not valid predicates for the convictions under 18 U.S.C. § 924(c). For relief, petitioner asks this Court to remand his criminal case to the Middle District of Georgie for review to potentially reverse his convictions under § 924(c).

### III.     LEGAL STANDARDS

**A.     Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.     Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

## IV. ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(a), provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). "[A] district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim." **Blunt-Bey v. Perdue**, No. 5:13-CV-94, 2013 WL 6073496, at *3 (N.D. W.Va. Nov. 18, 2013) (Stamp, J.). As further summarized by this Court:

> The United States Court of Appeals for the Second, Seventh and Ninth Circuits have held or noted in published opinions that § 2244(a) bars successive petitions under § 2241 directed to the same issue. **Chambers v. United States**, 106 F.3d 472, 475 (2d Cir.1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); see **Simon v. United States**, 359 F.3d 139, 143 n. 7 (2d Cir.2004) (discussing **Chambers**); **Valona v. United States**, 138 F.3d 693, 695 (7th Cir.1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence"); **Barapind v. Reno**, 225 F.3d 1100, 1111 (9th Cir.2000). The Tenth Circuit has concurred in unpublished opinions. **Jackson v. Morris**, 8 F. App'x 890 (10th Cir.2001) (unpublished); **Gibson v. Knowles**, 166 F.3d 1220 (10th Cir.1999) (Table). Similarly, prior to the enactment of the AEDPA amendments, several circuit courts held that where a petitioner filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. See **George v. Perrill**, 62 F.3d 333, 334–35 (10th Cir.1995); **Glumb v. Honstead**, 891 F.2d 872, 873 (11th Cir.1990); **Poyner v. United States Parole Comm'n**, 878 F.2d 275, 277 (9th Cir.1989); **Sacco v. United States Parole Comm'n**, 639 F.2d 441, 442–43 (8th Cir.1981). The AEDPA amendments do not alter the reasoning of these circuits in applying § 2244(a) to bar a successive § 2241 petition.

*Edwards v. Perdue*, No. 5:14CV136, 2015 WL 2354702, at *2 (N.D. W.Va. Apr. 30, 2015) (Stamp, J.), *aff'd*, 613 F. App'x 276 (4th Cir. 2015).

Here, petitioner has raised the identical issue in Civil Action No. 1:21-CV-84. There, the undersigned found that although petitioner was seeking to challenge the validity of his conviction or sentence, he was unable to meet the savings clause of 28 U.S.C. § 2255(e).  As such, the undersigned concluded that Luster's claims could not be considered under § 2241, and that this Court lacked jurisdiction to consider the petition. The Report and Recommendation was adopted by Judge Bailey on March 29, 2022. On July 1, 2022, the Fourth Circuit affirmed the decision. On December 5, 2022, the Supreme Court denied certiorari. On January 31, 2023, petitioner filed the instant petition, raising the same argument previously addressed. The undersigned finds that the petition in this case is a successive petition under § 2241 seeking to relitigate the same issue and must be dismissed.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: April 28, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE